# EXHIBIT A

SUPERIOR COURT OF THE STATE OF NEW JERSEY
BERGEN COUNTY
-----------------------------------X

| | |
|---|---|
| JUSTIN GRAVES, | CASE NO. **BER-L-007822-19** |
| Plaintiff, | **SUMMONS** |
| - against - | Plaintiff designates the County of Bergen as the place for trial. |
| MIDLAND CREDIT MANAGEMENT, INC. | |
| Defendant. | |

-----------------------------------X

To the above-named Defendants:

***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within thirty-five (35) days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief as demanded in the complaint. The nature of this action is negligence. The relief sought is damages. Upon your failure to appear, judgment will be taken against you by default together with the costs of this action.

Dated: January 10, 2020
Clifton, New Jersey

_____
**Daniel Zemel, Esq.**
NJ ID#111402014
Nicholas Linker
NJ ID# 146732015
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07032
T: (862) 227-3106
**Attorneys for Plaintiff**

TO:   MIDLAND CREDIT MANAGEMENT, INC.
      2365 Northside Drive – Suite 300
      San Diego, CA 92108

Daniel Zemel ID# 111402014
Nicholas Linker ID # 146732015
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, NJ 07013
T: (862) 227-3106
dz@zemellawllc.com
nl@zemellawllc.com
Attorneys for Plaintiff

| | |
|---|---|
| JUSTIN GRAVES, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>CASE NO.:<br><br>CIVIL ACTION<br><br>CLASS ACTION COMPLAINT |

Plaintiff, Justin Graves (hereinafter "Plaintiff"), individually, and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Midland Credit Management, Inc. ("MCM") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURISDICTION AND VENUE**

2. Plaintiff is a New Jersey resident, and this cause of action arose in Bergen County, New Jersey. As such, this Court has jurisdiction and venue over this action pursuant to R. 4:3-2.

## PARTIES

3. Plaintiff is a natural person, who at all relevant times has resided in Bergenfield, New Jersey and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant Midland Credit Management, Inc. ("MCM") is a corporation doing business in the state of New Jersey, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

5. On or about November 21, 2018, Defendant MCM sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $790.11, for a personal credit card bill from Credit One Bank, N.A.

6. Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

7. Exhibit A is false, deceptive, and misleading given Defendant MCM's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

8. The collection letter states the following:

Congratulations! You have been pre-approved for a *discount program* designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at MCMPay.com.

9. Below this, Defendant MCM provides Plaintiff with three options for payment:

   a. Option 1

      i. 40% off

   b. Option 2

      i. 20% off

   c. Option 3

      i. Monthly payments as low as $50 a month

10. The above language provided by MCM concerning Option 3 is ambiguous as to whether this is a third settlement option or a path to full payment. Option 3 appears to be a discount option based on MCM's representations. However, Option 3 is in fact only a path to full payment.

11. Alternatively, the consumer would believe that Option 3 is a path to full payment. However, Option 3 is in fact only a discount option.

12. This ambiguity is material because it directly affects the consumer's choice to pay the debt.

## CLASS ACTION ALLEGATIONS

### The Class

13. Plaintiff brings this as a class action pursuant to New Jersey Court Rule 4:32 on behalf of himself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA.

14. Plaintiff seeks certification of the following class, initially defined as follows:

**Class:** All consumers with a New Jersey address that have received the same form letter as Exhibit A from Defendant MCM concerning debts for Credit One Bank, N.A., used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.

15. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

### Numerosity

16. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The letters sent by the Defendant MCM, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

19. There are questions of law and fact common to the class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant MCM; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant MCM's wrongdoing and, if so, what is the

4

proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

20. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

24. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

5

26. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

Defendant MCM has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

28. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

29. Defendant MCM's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

30. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

6

> Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

WHEREFORE, Plaintiff, Justin Graves, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

Dated: November 7, 2019
Clifton, New Jersey

## JURY DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to R. 4:25-4.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

8

CERTIFICATION PURSUANT TO R.4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

9

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

# Exhibit A

11

Midland Credit Management
2365 Northside Drive
Suite 300
San Diego, CA 92108

11-21-2018

Justin Graves
17 Howard Dr Apt A
Bergenfield, NJ 07621-4516

P7T149 001

Credit One Bank, N.A.

**Original Account Number**
4447962354286993

**MCM Account Number**
8580880852

**Current Balance**
$790.11

**Current Owner**
Midland Funding LLC

You are pre-approved for a 40% discount!
Call (800) 321-3809

### Choose The Option That Works For You

RE Credit One Bank, N.A.

Dear Justin,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 321-3809. Pay online today at MCMPay.com.

**Option 1: 40% OFF**
Payment Due Date: 12-21-2018
You Pay Only
$474.07

**Option 2: 20% OFF**
First Payment Due Date: 12-21-2018
6 Monthly Payments of Only
$105.35

**Option 3: Monthly Payments As Low As:**
Call today to discuss your options and get more details.
$50 per month†

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

### Benefits of Paying!

▸ Save up to $316.04

▸ Offer Expiration date:
12-21-2018

**CALL US TODAY!**
(800) 321-3809

We are not obligated to renew any offers provided.

Hours of Operation
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

 (800) 321-3809    MCMPay.com    Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-007822-19

**Case Caption:** GRAVES JUSTIN VS MIDLAND CREDIT MANAG EMENT, IN
**Case Initiation Date:** 11/08/2019
**Attorney Name:** DANIEL ZEMEL
**Firm Name:** ZEMEL LAW
**Address:** 1373 BROAD ST., STE 203-C CLIFTON NJ 07013
**Phone:** 8622273106
**Name of Party:** PLAINTIFF : GRAVES, JUSTIN
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** TORT-OTHER
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? YES    Title 59? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/08/2019
Dated

/s/ DANIEL ZEMEL
Signed

Appendix XII-B1

## Civil Case Information Statement (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

**For Use by Clerk's Office Only**
Payment type: ☐ ck ☐ cg ☐ ca
Chg/Ck Number:
Amount:
Overpayment:
Batch Number:

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Daniel Zemel | (862) 227-3106 | Bergen |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Zemel Law, LLC | |

| Office Address | Document Type |
|---|---|
| 1373 Broad Street, Suite 203-C, Clifton, NJ 07013 | Complaint |
| | Jury Demand  ■ Yes  ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Justin Graves | JUSTIN GRAVES v. MIDLAND CREDIT MANAGEMENT, INC. |

| Case Type Number (See reverse side for listing) | Is this a professional malpractice case? ☐ Yes ■ No |
|---|---|
| 699 - Tort - Other | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

Related Cases Pending?   ☐ Yes   ■ No      If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same transaction or occurrence)?   ☐ Yes   ■ No

Name of defendant's primary insurance company (if known)
☐ None
■ Unknown

*The Information Provided on This Form Cannot be Introduced into Evidence*

Case Characteristics for Purposes of Determining If Case Is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?   ☐ Yes   ■ No
If "Yes," is that relationship:
☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)
☐ Familial   ☐ Business

Does the statute governing this case provide for payment of fees by the losing party?   ■ Yes   ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

Do you or your client need any disability accommodations?   ☐ Yes   ■ No
If yes, please identify the requested accommodation:

Will an interpreter be needed?   ☐ Yes   ■ No
If yes, for what language?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature:

Revised Form Promulgated by 07/01/2019 Notice to the Bar, CN 10517                                   page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 289 REGLAN
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS
- 625 FIREFIGHTER HEARING LOSS LITIGATION
- 626 ABILIFY
- 627 PHYSIOMESH FLEXIBLE COMPOSITE MESH
- 628 TAXOTERE/DOCETAXEL
- 629 ZOSTAVAX
- 630 PROCEED MESH/PATCH

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category  ■ Putative Class Action    ☐ Title 59